NIEMEYER, Circuit Judge,
dissenting:
Barry Thompson violated the terms of his supervised release in being arrested on two counts for assaulting police officers; by possessing methamphetamine; and by twice testing positive for cocaine. The district court revoked his supervised release and imposed an 18-month sentence of imprisonment, which was within the range recommended by the Sentencing Guidelines.
Ordinarily, we review a sentence under a deferential abuse-of-discretion standard, reversing only for unreasonableness. See Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). But in reviewing a sentence for violation of supervised release, our standard is yet more deferential, as we may reverse only if we find the sentence was “plainly unreasonable.” See United States v. Crudup, 461 F.3d 433, 438 (4th Cir.2006).
I respectfully submit that the majority opinion in this case affords the district court an inadequate measure of deference, demanding that the district court state reasons that are obvious from the record, from the arguments counsel made to the court, and from what the court said and did.
The court found multiple violations of the terms of Thompson’s supervised release. It explained that the violations were of the “most serious grade,” resulting in a Guidelines range of 12 to 18 months’ imprisonment. It imposed a sentence within the recommended Guidelines range. It explained, in denying Thompson the opportunity to surrender voluntarily that it *549 could not find that Thompson was “not a danger to the community.” And finally, it explained:
You did such a long stretch. I thought you were going to make it. You’ve got 18 months of supervised release when you get out the next time. If you can just do that without getting in trouble, you can be free of this stuff. I hope you can do that. Good luck to you.
This record adequately satisfies the Supreme Court’s standard in sentencing a defendant within the Guidelines range. As the Court explained in Rita v. United States:
The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority. Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission’s own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge found that the case before him is typical.
551 U.S. 338, 356-57, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (emphasis added) (citation omitted). In Rita, the sentencing judge listened to the arguments of counsel, which requested a downward departure, and then simply observed that a sentence at the bottom end of the Guidelines range was “appropriate.” Id. at 358-59, 127 S.Ct. 2456. Approving the explanation, the Court said what is particularly appropriate here:
We acknowledge that the judge might have said more. He might have added explicitly that he had heard and considered the evidence and argument; that (as no one before him denied) he thought the Commission in the Guidelines had determined a sentence that was proper in the mine run of roughly similar perjury cases; and he found that Rita’s personal circumstances here were simply not different enough to warrant a different sentence. But context and the record made clear that this, or similar, reasoning underlies the judge’s conclusion. Where a matter is conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.
Id. at 359, 127 S.Ct. 2456.
The record in this case is strikingly similar to that presented in Rita, except in this case we owe the district court even more deference because the defendant was back, after having been originally sentenced, for a revocation of his supervised release. See Crudup, 461 F.3d at 438.
While the majority opinion properly articulates the standards for reviewing a district court’s sentence, its holding in this specific case falls elsewhere.